269 P.3d 777

**In the Petition of TAWHIRI POWER LLC for Declaratory Ruling.**

**No. 30318.**

Intermediate Court of Appeals of Hawai'i.

Jan. 27, 2012.

FOLEY, Presiding J., FUJISE and LEONARD, JJ.

Opinion of the Court by FOLEY, J.

Petitioner–Appellant Tawhiri Power LLC (Tawhiri Power) appeals from the "Order: (1) Granting Hawaii Electric Light Company, Inc.'s Motion to Intervene; and (2) Denying Tawhiri Power LLC's Petition for Declaratory Ruling" (Dismissal Order) entered by Appellee State of Hawai'i Public Utilities Commission (PUC) on December 1, 2009 and the "Order Denying Tawhiri Power LLC's Motion for Reconsideration and Stay" (Reconsideration Order) entered by PUC on January 7, 2010.

Before we can consider Tawhiri Power's points on appeal, we must determine whether this court has jurisdiction over the appeal.

## I.

On March 10, 2005, in Decision and Order No. 21693 (D & O No. 21693), PUC approved the "Restated and Amended Power Purchase Agreement For As–Available Energy" (RAC) dated October 13, 2004 between Apollo Energy Corporation (Apollo) [1] and Intervenor–Appellee Hawaii Electric Light Company, Inc. (HELCO).

On October 19, 2009, Tawhiri Power initiated a new proceeding before PUC, petitioning for a declaratory ruling regarding a dispute between Tawhiri Power and HELCO over the interpretation of certain provisions of the RAC.

HELCO filed a motion to intervene on November 9, 2009. HELCO filed a motion to dismiss on November 10, 2009, in which it contended that Tawhiri Power's request for a declaratory ruling was precluded by the binding arbitration provision of the RAC.

On December 1, 2009, PUC entered its Dismissal Order, granting HELCO's motion to intervene and, pursuant to Hawai'i Administrative Rules (HAR) § 6–61–164, denying

Sandra–Ann Y.H. Wong, Harlan Y. Kimura, on the briefs, for Petitioner–Appellant Tawhiri Power LLC.

Stacey Kawasaki Djou, Michael Azama, on the briefs, for Appellee State of Hawaii Public Utilities Commission.

Thomas W. Williams, Jr., Bruce L. Lamon, Peter Y. Kikuta (Goodsill Anderson Quinn & Stifel), on the briefs, for Intervenor–Appellee Hawaii Electric Light Company, Inc.

1. Apollo's interest was assigned to Tawhiri Power on December 5, 2005. As a result, Tawhiri

Power replaced Apollo as a party to the RAC.

Tawhiri Power's petition for a declaratory ruling.

On December 10, 2009, Tawhiri Power filed a "Motion for Reconsideration and Stay of Order Denying Tawhiri Power LLC's Petition for Declaratory Ruling," which PUC denied in its Reconsideration Order filed on January 7, 2010.

On January 25, 2010, Tawhiri Power filed a notice of appeal with PUC. Tawhiri Power stated that, pursuant to Hawaii Revised Statutes (HRS) §§ 91–14 (1993 & Supp. 2010) and 269–15.5 (2007 Repl.) and Hawai'i Rules of Appellate Procedure Rule 3, it was appealing to this court from the Dismissal Order and the Reconsideration Order. Tawhiri Power filed a notice of appeal with this court on February 1, 2010.

## II.

### A. JURISDICTION

▇▇ The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard. Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action. When reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction. A judgment rendered by a circuit court without subject matter jurisdiction is void.

*Lingle v. Hawai'i Gov't Employees Ass'n, AFSCME, Local 152, AFL–CIO*, 107 Hawai'i 178, 182, 111 P.3d 587, 591 (2005) (quoting *Amantiad v. Odum*, 90 Hawai'i 152, 158–59, 977 P.2d 160, 166–67 (1999)).

HRS § 91–14(g)(5) of the Hawaii Administrative Procedure Act provides, [i]nter

alia, that upon review of the record, the court may remand the case for further proceedings if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. Under the clearly erroneous standard, the court will reverse an agency's findings if the court is left with a definite and firm conviction that a mistake has been made.

*In re Kauai Elec. Div. of Citizens Utilities Co.*, 60 Haw. 166, 186, 590 P.2d 524, 538 (1978) (internal quotation marks and citation omitted).

### B. INTERPRETATION OF A STATUTE

The interpretation of a statute is a question of law reviewable de novo.

When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

*Ka Pa'akai O Ka'Aina v. Land Use Comm'n*, 94 Hawai'i 31, 41, 7 P.3d 1068, 1078 (2000) (internal quotation marks and citations omitted) (quoting *Amantiad*, 90 Hawai'i at 160, 977 P.2d at 168).

## III.

Tawhiri Power appealed PUC's Dismissal Order to this court pursuant to HRS §§ 91–14 [2] and 269–15.5.[3] HRS § 91–14(a) provides

---

2. HRS § 91–14(a) (1993) and (b) (Supp.2010) provides in relevant part:

§ **91–14 Judicial review of contested cases.** (a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law.

Notwithstanding any other provision of this chapter to the contrary, for the purposes of this section, the term "person aggrieved" shall include an agency that is a party to a contested case proceeding before that agency or another agency.

(b) Except as otherwise provided herein, proceedings for review shall be instituted in the circuit court within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the agency pursuant to rule of court, except where a statute provides for a

that "[a]ny person aggrieved by a final decision and order in a contested case ... is entitled to judicial review." HRS § 91–14(b) provides that "[e]xcept as otherwise provided herein, proceedings for review shall be instituted in the circuit court." The exception to the rule that proceedings are instituted in the circuit court is "where a statute provides for a direct appeal to the intermediate appellate court." HRS § 91–14(b). HRS § 269–15.5 is such a statute, providing for a direct appeal to this court from an order of PUC. The order must be from a contested case proceeding. HRS § 269–15.5.

The Hawai'i Legislature enacted HRS § 269–15.5 in response to the Hawai'i Supreme Court's holding in *Peterson v. Hawaii Elec. Light Co., Inc.*, 85 Hawai'i 322, 327, 944 P.2d 1265, 1270 (1997), *superseded on other grounds by* HRS § 269–15.5, that PUC non-ratemaking cases were not directly appealable to the supreme court.[4] As the Legislature explained, the supreme court's decision

> that only rate-related orders of the PUC were appealable directly to the Supreme Court and that other PUC orders must be appealed to the Circuit Court prior to an appeal to the Supreme Court, is not aligned with the practices of the PUC and illustrates that the statutes regarding the appeals process of PUC orders require clarification. This measure provides that all final orders issued by the PUC under Chapter 269, [HRS], may be appealed by an aggrieved party in a contested case proceeding directly to the Hawaii Supreme Court.

H. Stand. Comm. Rep. No. 1203–98, 1998 House Journal, at 1541. According to the Legislature, the purpose of enacting HRS § 269–15.5 was to "make all [PUC] orders

appealable directly to the Hawaii Supreme Court by an aggrieved party in a contested case proceeding," which would help "utility companies and consumers by expediting the appeal process for PUC decisions." H. Stand. Comm. Rep. No. 1203–98, 1998 House Journal, at 1541.

Regardless of the Legislature's desire to expedite the appeals process in PUC cases, the Legislature specifically provided that "[o]nly a person aggrieved in a contested case proceeding provided for in this chapter may appeal from the order." HRS § 269–15.5.

■ A contested case is "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing." HRS § 91–1(5) (1993). HAR Chapter 61 ("Rules of Practice and Procedure Before the Public Utilities Commission"), § 6–61–2 defines "contested case" as having "the same meaning as in § 91–1(5)." A proceeding is not a "contested case" if the proceeding is not required by statute or rule. *Bush v. Hawaiian Homes Comm'n,* 76 Hawai'i 128, 134, 870 P.2d 1272, 1278 (1994) ("If the statute or rule governing the activity in question does not mandate a hearing prior to the administrative agency's decision-making, the actions of the administrative agency are not 'required by law' and do not amount to 'a final decision or order in a contested case[.]'" (Emphasis omitted.)). "[D]iscretionary hearings are not contested cases because they are not required by law." *Lingle,* 107 Hawai'i at 184, 111 P.3d at 593.

■ PUC issued its Dismissal Order pur-

direct appeal to the intermediate appellate court, subject to chapter 602. In such cases, the appeal shall be treated in the same manner as an appeal from the circuit court to the intermediate appellate court, including payment of the fee prescribed by section 607–5 for filing the notice of appeal (except in cases appealed under sections 11–51 and 40–91). The court in its discretion may permit other interested persons to intervene.

3. HRS § 269–15.5 provides in relevant part:
 § 269–15.5 Appeals. An appeal from an order of the public utilities commission under

this chapter shall lie, subject to chapter 602, in the manner provided for civil appeals from the circuit courts. Only a person aggrieved in a contested case proceeding provided for in this chapter may appeal from the order, if the order is final, or if preliminary, is of the nature defined by section 91–14(a).

4. The Hawai'i Legislature amended HRS § 269–15.5 in 2004 (effective July 1, 2006) to change the appellate forum from the Hawai'i Supreme Court to this court. 2004 Haw. Sess. Laws Act 202, § 28 at 928–29.

**246**

suant to HRS § 91–8 (1993)[5] and HAR §§ 6–61–159, 6–61–162, and 6–61–164 (1992).[6] The administrative rules establish that a hearing on a petition for a declaratory ruling is a discretionary hearing and, therefore, not a contested case. HAR § 6–61–159 provides that an interested person may petition PUC to issue a declaratory order. Pursuant to HAR § 6–61–162, PUC may deny the petition, issue a declaratory order, or set the matter for hearing. HAR § 6–61–164 provides examples of reasons why PUC may deny the petition or refuse to issue a declaratory order.[7] Because a hearing on a petition for a declaratory order before PUC is discretionary and not required by law, the Dismissal Order was not a contested case. *Lingle*, 107 Hawai'i at 184, 111 P.3d at 593. Accordingly, because HRS § 269–15.5 only applies to contested cases, Tawhiri Power was not entitled to appeal the Dismissal Order directly to this court.

Tawhiri Power should have filed an appeal to the circuit court pursuant to HRS §§ 91–8 and 91–14. In *Lingle*, the Hawai'i Supreme Court held that "orders disposing of petitions for declaratory rulings under HRS § 91–8 are appealable to the circuit court pursuant to HRS § 91–14." *Lingle*, 107 Hawai'i at 186, 111 P.3d at 595.

Because Tawhiri Power did not have the right to appeal directly to this court, we lack jurisdiction over Tawhiri Power's appeal.

## IV.

Tawhiri Power LLC's appeal from the "Order: (1) Granting Hawaii Electric Light Company, Inc.'s Motion to Intervene; and (2) Denying Tawhiri Power LLC's Petition for Declaratory Ruling" filed on December 1, 2009, and the "Order Denying Tawhiri Power LLC's Motion for Reconsideration and Stay" filed on January 7, 2010 in the Public Utilities Commission is dismissed for lack of jurisdiction.

5. HRS § 91–8 provides:
  § 91–8 Declaratory rulings by agencies. Any interested person may petition an agency for a declaratory order as to the applicability of any statutory provision or of any rule or order of the agency. Each agency shall adopt rules prescribing the form of the petitions and the procedure for their submission, consideration, and prompt disposition. Orders disposing of petitions in such cases shall have the same status as other agency orders.

6. HAR §§ 6–61–159, 6–61–162, and 6–61–164 provide:
  § 6–61–159 *Who may apply.* On the petition of an interested person, the commission may issue a declaratory order as to the applicability of any statute or any rule or order of the commission.
  § 6–61–162 *Commission action.* (a) Within forty-five days after the submission of a petition for declaratory ruling, the commission shall:
  (1) Deny the petition in writing, stating the reasons for that denial;
  (2) Issue a declaratory order on the matters contained in the petition; or
  (3) Set the matter for hearing, as provided in subchapter 3.
  (b) If the matter is set for hearing, the commission shall render its findings and decision, unless otherwise indicated at the time of the hearing, within thirty days after the close of the hearing or, if briefs are filed, thirty days after the last brief is filed.
  § 6–61–164 *Refusal to issue declaratory order.* The commission may, for good cause, deny the petition or refuse to issue a declaratory order by giving specific reasons for that determination. Without limiting the generality of the foregoing, the commission may so refuse where:
  (1) The question is speculative or purely hypothetical and does not involve existing facts or facts that can be expected to exist in the near future;
  (2) The petitioner's interest does not give it standing to maintain an action if petitioner were to seek judicial relief;
  (3) The issuance of the declaratory order may affect the interest of the State in pending litigation or in litigation that may reasonably be expected to arise; or
  (4) The matter is not within the jurisdiction of the commission.

7. Additionally, HAR § 6–61–165 provides in part that "[a]lthough in the usual course of disposition of a petition for a declaratory ruling no formal hearing will be held, the commission may order a hearing."