**Electronically Filed
Supreme Court
SCOT-21-0000467
01-FEB-2022
08:12 AM
Dkt. 66 ODSLJ**

SCOT-21-0000467

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

_____

IN THE PETITION OF

ASSOCIATION OF UNIT OWNERS OF 988 HALEKAUWILA FOR DECLARATORY
RELIEF AND FOR HEARING

_____

APPEAL FROM THE HAWAI‘I COMMUNITY DEVELOPMENT AUTHORITY

<u>ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon review of appellant Association of Unit Owners of 988 Halekauwila's ("AOUO") appeal from the Hawai‘i Community Development Authority's ("HCDA") July 7, 2021 "Findings of Fact, Conclusions of Law, and Decision and Order Denying Petition for Declaratory Relief and For Hearing," and the record, it appears that this court lacks appellate jurisdiction over the appeal.

HRS § 206E-5.6 governs appeals of contested cases of the HCDA regarding the acceptance of a developer's proposal to develop lands under the authority's control. HRS § 206E-5.6(h) specifically provides for an appeal from a contested case directly to the supreme court from a HCDA final decision and

order or a preliminary ruling:

> Any party aggrieved by a final decision of the authority regarding the acceptance of a developer's proposal to develop lands under the authority's control may seek judicial review of the decision within thirty days.  Chapter 91 shall apply to the judicial review except where chapter 91 conflicts with this chapter, in which case this chapter shall apply.  Any other law to the contrary notwithstanding, including chapter 91, **any contested case under this chapter shall be appealed from a final decision and order or a preliminary ruling that is of the nature defined by section 91-14(a) upon the record directly to the supreme court for final decision**.  Only a person aggrieved in a contested case proceeding provided for in this chapter may appeal from the final decision and order or preliminary ruling.  For the purposes of this section, the term "person aggrieved" includes an agency that is a party to a contested case proceeding before that agency or another agency.

(Emphasis added.)

Here, the HCDA's July 7, 2021 decision and order denying the AOUO's petition for declaratory relief was not issued as a result of a contested case proceeding or in a proceeding in which a hearing was required.  See HRS § 91-1 (a contested case proceeding is "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing"); HAR §§ 15-219-84 and 15-219-85; Bush v. Hawaiian Homes Comm'n, 76 Hawaiʻi 128, 134, 870 P.2d 1272, 1278 (1994) ("If the statute or rule governing the activity in question does not mandate a hearing prior to the administrative agency's decision-making, the actions of the administrative agency are not 'required by law' and do not amount to 'a final decision or order in a contested case.'").  Although HRS § 206E-5.6(h) provides authorization for a direct

2

appeal to this court from a final decision and order of a contested case proceeding or a preliminary ruling that is of the nature defined by HRS § 91-14(a), neither apply here.  Thus, HRS § 206E-5.6 does not provide the AOUO with the basis from which to appeal the HCDA's July 7, 2021 decision and order directly to this court.  See, e.g., In the Petition of Tawhiri Power LLC, 126 Hawai'i 242, 269 P.3d 777 (App. 2012).  This court lacks appellate jurisdiction over the appeal.

IT IS HEREBY ORDERED that appellate court case number SCOT-21-0000467 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, February 1, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

3